NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN IGNATIUS ONUKOGU, | : | |
| | : | Civil Action No.: 08-6057 (FLW) |
| Plaintiff, | : | |
| | : | **Opinion** |
| v. | : | |
| HUNTERDON DEVELOP. CTR., | : | |
| | : | |
| Defendant. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is Defendant's Motion to Dismiss for failure to meet the 90-day statutory limitations period for bringing Title VII discrimination claims. For the following reasons, Defendant's motion is granted.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff John Ignatius Onukogu ("Onukogu") alleges that he suffered discrimination at the hand of his former employer, Defendant Hunterdon Development Center ("HDC"). Compl., ¶ 5. He filed charges with the New Jersey Division of Civil Rights on November 2, 2007. Id. at ¶ 6. The next year, the Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter on September 8, 2008. Id., Exh. A, EEOC Dismissal & Notice of Rights. Plaintiff filed suit on December 9, 2008.

HDC filed the instant motion to dismiss on September 4, 2009. After no opposition was received from Plaintiff by the September 21, 2009 due date, this court sent a letter on October 6,

2009 informing Plaintiff that the motion would be treated as unopposed. Shortly thereafter, Plaintiff filed a letter, on October 13, 2009, requesting additional time to respond while he submitted an application for pro bono counsel. An application was submitted on that same date. While Plaintiff's pro bono counsel application was pending, Defendant, at the request of the court, withdrew its motion.

Plaintiff's application was subsequently denied on February 1, 2010, thereby permitting Defendant to renew its motion to dismiss. Despite Plaintiff's request for additional time, with nearly six months passing since that request last October, Plaintiff has not filed an opposition to date. Indeed, Plaintiff has not communicated with the court since filing the pro bono application in October 2009. The motion is now ripe for decision.

II.  DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b), I must view all allegations in the complaint in the light most favorable to the plaintiff. See Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If no relief could be granted "under any set of facts that could be proved consistent with the [plaintiff's] allegations," the motion to dismiss should be granted. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

The Title VII statute of limitations bar is clear. "Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (citing 42 U.S.C. § 2000e-5(f)(1)). Noticeably, it is the date of receipt that triggers the running of the limitations period—not the date the right to sue letter was mailed.

The right to sue letter attached to Onukogu's complaint states it was mailed on September 8, 2008.  He alleges in his complaint, however, that he received the EEOC right to sue letter on "08, 09, 2008."  Id., ¶ 8.  Since he could not have received the letter before it was sent, it appears that the date he listed is some sort of typographical error.  One might presume that he either transposed the numbers, meaning to allege that he received the letter on 09,08, 2008 (i.e., September 8, 2008).  Conversely, he may have denoted the wrong month, meaning that he received the letter on 09,09,2008 (i.e., September 9, 2008). Certainly, an opposition from Onukogu would have shed light on this question, but the court is without the benefit of such opposition here.  Thus, the Court is left only with the incorrectly pled date allegation in his complaint.

That the exact date is not clear, however, is of no moment because, whether he received the letter on September 8th or 9th, his suit was filed out of time.  Onukogu's complaint was filed on December 9, 2008, which is ninety-two days after September 8th and ninety-one days after September 9th. Courts are without power to extend the ninety-day limitations period "by even one day" when the Plaintiff fails to argue for equitable tolling.  Mosel v. Hills Dept. Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986).[1]  Viewing the receipt date in the light most favorable to Plaintiff, and without the benefit of opposition papers—despite the delay afforded him to file such papers—the court is constrained to conclude that Plaintiff's suit must be dismissed.

---

[1]  Had Plaintiff filed an opposition, he also could have argued for the application of Fed. R. Civ. P. 6(d)'s three-day computation of receipt of service by mail rule.  See id. at 253, 253 n.2; Seitzinger v. Reading Hosp. and Med Ctr., 165 F.3d 236, 238-39 (3d Cir. 1999) (discussing the former Rule 6(e), now codified at 6(d)).  Because he chose not to respond, the court will not consider such an argument *sua sponte*, but will rely upon the date alleged in his complaint.

3

III.    CONCLUSION

    For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.


Dated: April 8, 2010                                                /s/ Freda L. Wolfson  
                                                                               Freda L. Wolfson, U.S.D.J.